UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: CR03-126-RSL |
| Plaintiff, ) | |
| v. ) | DETENTION ORDER |
| JAMES FRANK SIMMONDS, ) | |
| Defendant. ) | |

Offense charged:

Possession of Marijuana with Intent to Distribute; Failure to Appear

Date of Detention Hearing:   September 13, 2005

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The defendant was indicted in this District on March 14, 2003 for possession of marijuana with intent to distribute. (Dkt. 9)  He was released on an appearance bond under the supervision of Pretrial Services. (Dkt. 6 & 10) The defendant failed to appear at a status conference on May 15, 2003 and a bench warrant was issued. (Dkt. 20, 22) A Superceding

Indictment was issued on May 29, 2003, adding the charge of Failure to Appear. (Dkt 23, 24) The defendant was arrested in Canada on August 31, 2005 (Dkt. 34) and was arraigned on the Superceding Indictment on September 1, 2005, entering a plea of not guilty. (Dkt. 30)

    (2)    The defendant does not contest detention.

    (3)    The defendant poses a risk of nonappearance due to his failure to appear and absconder status. He poses a risk of danger based on the nature of the instant offense.

    (4)    There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

    (1)    Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2)    Defendant shall be afforded reasonable opportunity for private consultation with counsel;

    (3)    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this  13th  day of September, 2005.

　　　　　　　　　　　　　　　　／s／ Mary Alice Theiler
　　　　　　　　　　　　　　　　Mary Alice Theiler
　　　　　　　　　　　　　　　　United States Magistrate Judge